UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRYSTAL CLAIR BINGHAM

    Plaintiffs,

v.

                                      Case No.:

SAN JOSE APARTMENTS, ROYAL AMERICAN MANAGEMENT,
TPI MANAGEMENT (AKA THE PARTNERSHIP, INC.,)
AND JESSICA ROSS

    Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiffs, CRYSTAL CLAIR BINGHAM, by and through her undersigned counsel, sues the Defendants TPI MANAGEMENT SERVICES, LLC aka THE PARTNERSHIP INC., SAN JOSE APARTMENTS and JESSICA ROSS, property manager, and would state as follows:

## NATURE OF THE ACTION

1. This is a civil action brought by the Plaintiff under the Fair Housing Act, 42 U.S.C. § 3601 et. Seq. ("FHA").

2. This is an action for declaratory judgment, permanent injunctive relief, and damages for discrimination on the basis of race, familial status, sex, and retaliation pursuant to the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 et seq.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 11 U.S.C. § 1331, 42 U.S.C.§ 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et. Seq. and supplemental jurisdiction under U.S.C. § 1291, over the Plaintiff's claims under the Florida Fair Housing Act, §760.20, et seq.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred here.

## PARTIES

5. Plaintiff CRYSTAL CLAIR BINGHAM (hereinafter "BINGHAM") is a resident of the State of Florida and is otherwise sui juris and currently resides in Seminole County, Florida. BINGHAM is United States citizens with a minor child.

6. SAN JOSE APARTMENTS LLC is a residential multi-unit apartment complex located at 61 San Jose Cir., Winter Park, Florida 32792 (hereinafter the "Property").

6. Defendant ROYAL AMERICAN MANGEMENT is MANAGEMENT located at 1022 W 23 ST STE 300 PANAMA CITY, FL 32405-0608 Defendant TPI MANAGEMENT LLC., aka THE PARTNERSHIP INC., (hereinafter "TPI") is a Florida Limited Liability Company that operates a

       property management company holding itself out as the property management company for SAN JOSE.

8. Defendant JESSICA ROSS is an employee of TPI who manages the multi-unit apartment complex at 61 San Jose Cir., Winter Park, Florida 32792 and was acting in her scope of employment when act of discrimination against BINGHAM occurred.

## FACTUAL ALLEGATIONS

9. BINGHAM resides at San Jose Apartments, located at 61 San Jose Cir., Winter Park, Florida, 32792. This property is managed by Defendant TPI and owned by Defendant SAN JOSE.

10. This property is a Low-Income Housing Tax Credit property, and Complainant receives Public Housing Assistance in the form of a Section 8 Housing Voucher.

11. BINGHAM is a black, single mother and prior survivor of domestic violence.

12. BINGHAM's tenancy at the complex is without major incident until she regained custody of her minor child, age eleven (11), who began living with her at the Property.

13. At that time, BINGHAM and her minor child began experiencing a pattern of harassment at the Property, including unwanted sexual and racial comments, including comments about the daughter's dark skin, and harassment of her minor child by a maintenance staff employed by TPI and SAN JOSE.

14. Upon reporting the maintenance staff's behavior, BINGHAM began to experience retaliatory actions by Defendant ROSS.

15. On June 30, 2021, BINGHAM received an email from ROSS advising of a noise complaint. BINGHAM asserts that these noise complaints were arbitrarily and harassingly filed against her when she was not creating any noise violations.

16. After BINGHAM disputed the noise complaint, ROSS advised via email that "the noise complaint was for another apartment." (EXHIBIT A).

17. On July 28, 2021, BINGHAM received an email from ROSS advising that Complainant's daughter was in the pool unsupervised. (EXHIBIT B). On July 28, 2021, also BINGHAM received an email from ROSS advising that Bingham's daughter was in the pool unsupervised. (Exhibit B). A 7-day notice of non-compliance without opportunity to cure was given to Ms. BINGHAM on July 28, 2021. (Exhibit H) Ms. BINGHAM has signed a notarized affidavit of facts. (Exhibit I)

18. BINGHAM contests that the allegations was not true, and that her daughter was being adequately supervised by a neighbor. BINGHAM's daughter was physically removed from the swimming pool by the maintenance employee that BINGHAM had made previous complaints about.

19. ROSS made a retaliatory report to the Department of Children and Family Services (hereinafter "DCF") after BINGHAM filed her harassment complaint about the maintenance employee.

20. DCF subsequently launched an investigation into BINGHAM'S parenting style and circumstances.

21. BINGHAM was made to undergo a drug test during this process and intrusive investigation into her parenting. The investigation was later closed, as there was no evidence to support the claims made against BINGHAM.

22. During this period, the maintenance employee was either terminated or he resigned, as he was no longer seen on the campus of San Jose Apartments.

23. After several months of harassment and retaliation by Defendants, BINGHAM received a Notice of Non-Renewal of Lease for Tax Credit/HUD dated September 1, 2021. (EXHIBIT D).

24. BINGHAM received this Notice of Non-Renewal as retaliation for her report of sexual and racial harassment by the maintenance employee and in violation of the Fair Housing Act.

25. The actions by the Defendants' created a hostile environment as it subjected BINGHAM to severe and pervasive unwelcome sexual conduct that interfered with the privileges and equal enjoyment of housings.

26. BINGHAM subsequently filed a complaint of housing discrimination with the Department of Housing and Urban Development (hereinafter "HUD") known as a HUD 903 Complaint. This complaint is being investigated by local agency the Florida Commission on Human Relations (hereinafter "FCHR") and is ongoing. FCHR has not informed BINGHAM of any progress on her case and given the imminent threat of homelessness due to the Defendants' actions she sought out legal assistance in January of 2022.

27. BINGHAM asserts that the harassment and retaliation by ROSS are on-going. In January of 2022, BINGHAM reached out to Community Legal Services of Mid-Florida's Fair Housing division.

28. In an effort to reach a resolution without Court intervention, a letter was drafted and sent to ROSS on January 25, 2022, advising of a deadline of January 28, 2022, to respond to these allegations and requesting that BINGHAM not be removed from the complex in violation of her Fair Housing rights.  A second correspondence was sent on January 28, 2022, again attempting to reach a resolution this matter.

29. On January 28, 2022, at 4:48pm, an attorney for SAN JOSE contacted the undersign attorney confirming that BINGHAM would be required to leave the property and no action would be taken regarding BINGHAM's allegations of discrimination and retaliation.

## CLAIMS FOR RELIEF

### COUNT I: Violations of the Fair Housing Act

The allegations listed above are incorporated herein by reference.

30. BINGHAM's property is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

31. BINGHAM and her minor daughter fall within defined protected classes within the Fair Housing Act.

31. By the actions and statements referred to in the foregoing paragraphs Defendants have:

    a.    Discriminated in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of Plaintiffs race, familial status, and sex in violation of 42 U.S.C. § 3604(b).

    b.    Coerced, intimidated, threatened or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under the Fair Housing Act, in violation of 42 U.S.C. § 3617.

32. Plaintiff is an "aggrieved person" as defined in 42 U.S.C § 3602(i) and suffered injuries as a result of Defendants' discriminatory conduct.

33. Defendants' action described in the preceding paragraphs were intentional, willful, and taken in disregard for the rights of the Plaintiff.

### COUNT II: Retaliation

34. The allegations above are incorporated herein by reference.

35. In acting as alleged, Defendants have engaged in a practice of retaliation against BINGHAM, who made complaints against a maintenance employee resulting a Notice of Non-renewal. By retaliating against BINGHAM, the conduct by the Defendants is in violation of the Fair Housing Act, 42 U.S.C. §3617.

36. As a matter of public policy, the law protects tenants against retaliatory eviction, motivated by an attempt to, in effect, punish the tenant for their exercise of legally protected rights. BINGHAM received a notice of non-renewal and had been warned of being evicted if she did not vacate at the end of their current

lease after her attempt to exercise her rights to protect herself and her daughter from unwanted harassment by a maintenance employee.

37. As a proximate result of the retaliatory conduct of Defendants, BINGHAM has suffered, and continues to suffer, the potential for irreparable loss, including but not limited to, humiliation, embarrassment, emotional distress, the genuine potential for homelessness, and a deprivation of their rights to equal housing opportunities regardless of disabilities.

38. The acts of Defendants demonstrate a willful, wanton, malicious, and oppressive motive, and justify the awarding of punitive damages.

## PRAY FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter and ORDER that:

1. Assume jurisdiction of this action;
2. Declares that Defendants' conduct set forth above violates the Fair Housing Act;
3. Enjoins Defendants and their agents, employees, and successors, and all other persons in active concert or participation with them from:
    a. Discrimination on the basis of race, familial status, and sex in violation of the Fair Housing Act;
    b. Retaliation in violation of the Fair Housing Act;
    c. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of

        Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

    d. Failing or refusing to take such affirmative steps as may be necessary to prevent recurrence of any discriminatory conduct in the future, and to eliminate, to the extent practicable, the effects of their unlawful practices;

4. Award monetary damages to Plaintiff harmed by Defendants' discriminatory practices, pursuant to 42 U.S.C. §3604, 3613(c)(2), 3617; and

5. Provide such further relief as this court deems just and proper including attorney's fees and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 31, 2022

Respectfully submitted,

/s/ Joseph St. Angelo
JOSEPH J. ST. ANGELO, ESQ.
Florida Bar # 0109275
Attorney for the Fair Housing Unit

Community Legal Services of Mid-Florida
122 E. Colonial Dr. #200
Orlando, FL 32801
Telephone: (407) 936-7690
Email: josephs@clsmf.org
Secondary Email: marissah@clsmf.org


MORGAN CARDINAL, ESQ.
Florida Bar # 0117645
Managing Attorney for the Fair Housing Unit
Community Legal Services of Mid-Florida
122 E. Colonial Dr. #200
Orlando, FL 32801
Telephone: (407) 322-6279
Email: morganc@clsmf.org
Secondary Email: marissah@clsmf.org

## CERTIFICATION OF SERVICE

I certify that on January 31, 2022, I electronically filed this document by using CM/ECF and served responding parties via FedEx.

Date: January 31, 2022

By: /s/ Joseph St. Angelo
JOSEPH J. ST. ANGELO, ESQ.
Florida Bar # 0109275
Attorney for the Fair Housing Unit
Community Legal Services of Mid-Florida
122 E. Colonial Dr. #200
Orlando, FL 32801
Telephone: (407) 936-7690
Email: josephs@clsmf.org
Secondary Email: marissah@clsmf.org